UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| SEAN SMALL ) | |
| ) | |
| ) | |
| PLAINTIFF,  ) | CASE NO.  4:19-CV-100-TWP-DML |
| ) | |
| v.                 ) | |
| ) | |
| SCOTT COUNTY SCHOOL DISTRICT 2,  ) | |
| RIC MANNS AND JEFF COX, ET AL.   ) | |
| ) | |
| DEFENDANTS.   ) | |
| _____ ) | |

## ANSWER AND AFFIRMATIVE DEFENSES

Come Defendants, Scott County School District 2, Ric Manns, and Jeff Cox (hereinafter "Defendants"), by and through counsel and for their Answer and Affirmative Defenses to Plaintiff's Complaint, hereby state as follows:

### FIRST DEFENSE

1. In response to the allegations contained in ¶ 1 of Plaintiff's Complaint, Defendants admit that Sean Small, a senior in high school at the time of the events underlying this lawsuit, played a video game while on his lunch period at Scottsburg High School. Defendants deny that after posting a video of himself playing the game to his personal Facebook page, Mr. Small was subjected to a search of his person and his backpack without probable cause or reasonable suspicion. Defendants admit that Mr. Small was later expelled from Scottsburg High School. Defendants deny that all of these actions were taken based solely on Mr. Small's expressive activity of his game-play and Facebook post. Defendants deny that the actions of Defendants violate the First and Fourth Amendments to the United States Constitution, as well as

constituting torts under Indiana state law. Defendants deny that appropriate injunctive and declaratory relief and damages should be awarded.

2. Defendants admit the allegations of ¶ 2 of Plaintiff's Complaint.

3. Defendants admit the allegations of ¶ 3 of Plaintiff's Complaint.

4. In response to the allegations of ¶ 4 of Plaintiff's Complaint, Defendants admit that Declaratory relief is authorized by the Federal Rules of Civil Procedure and United States Code, but deny that Declaratory relief is an appropriate remedy upon the facts and circumstances of this case.

5. In response to the allegations of ¶ 5 of Plaintiff's Complaint, Defendants admit that 42 U.S.C. §1983 allows citizens to maintain a private cause of action for violation of rights secured by the United States Constitution, but deny that Plaintiff's Constitutional rights have been violated.

6. Defendants admit the allegations of ¶ 6 of Plaintiff's Complaint.

7. Defendants are without sufficient information and/or knowledge with which to form a belief as to the truthfulness of the allegations contained in ¶ 7 of Plaintiff's Complaint, and the same are therefore denied.

8. Defendants admit the allegations contained in ¶ 8 of Plaintiff's Complaint.

9. Defendants admit the allegations contained in ¶ 9 of Plaintiff's Complaint.

10. Defendants are without sufficient information and/or knowledge with which to form a belief as to the truthfulness of the allegations contained in ¶¶ 10, 11, 12 and 13 of Plaintiff's Complaint, and the same are therefore denied.

11. Defendants deny the allegations contained in ¶ 14 of Plaintiff's Complaint.

12. Defendants are without sufficient information and/or knowledge with which to form a belief as to the truthfulness of the allegations contained in ¶¶ 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26 and 27 of Plaintiff's Complaint, and the same are therefore denied.

13. Defendants admit the allegations contained in ¶ 28 of Plaintiff's Complaint.

14. Defendants deny the allegations contained in ¶ 29 of Plaintiff's Complaint.

15. Defendants are without sufficient information and/or knowledge with which to form a belief as to the truthfulness of the allegations contained in ¶¶ 30 and 31 of Plaintiff's Complaint, and the same are therefore denied.

16. Defendants admit the allegations contained in ¶ 32 of Plaintiff's Complaint.

17. Defendants are without sufficient information and/or knowledge with which to form a belief as to the truthfulness of the allegations contained in ¶ 33 of Plaintiff's Complaint, and the same are therefore denied.

18. Defendants admit the allegations contained in ¶¶ 34, 35, and 36 of Plaintiff's Complaint.

19. Defendants are without sufficient information and/or knowledge with which to form a belief as to the truthfulness of the allegations contained in ¶ 37 of Plaintiff's Complaint, and the same are therefore denied.

20. Defendants deny the allegations contained in ¶¶ 38 and 39 of Plaintiff's Complaint.

21. Defendants admit the allegations contained in ¶¶ 40 and 41 of Plaintiff's Complaint.

22. Defendants are without sufficient information and/or knowledge with which to form a belief as to the truthfulness of the allegations contained in ¶ 42 of Plaintiff's Complaint, and the same are therefore denied.

23. Defendants deny the allegations contained in ¶ 43 of Plaintiff's Complaint.

24. In response to the allegations contained in ¶ 44, Defendants admit that that Mr. Small stayed in Mr. Cox's office while his parents were called, but deny any and all further allegations contained in ¶ 44 of Plaintiff's Complaint.

25. Defendants deny the allegations contained in ¶ 45 of Plaintiff's Complaint.

26. Defendants are without sufficient information and/or knowledge with which to form a belief as to the truthfulness of the allegations contained in ¶¶ 46, 47, 48, and 49 of Plaintiff's Complaint, and the same are therefore denied.

27. In response to the allegations contained in ¶ 50 of Plaintiff's Complaint, Defendants admit that it was recommended that Mr. Small be expelled, but deny any and all further allegations contained in ¶ 50 of Plaintiff's Complaint.

28. Defendants deny the allegations contained in ¶ 51 of Plaintiff's Complaint.

29. Defendants are without sufficient information and/or knowledge with which to form a belief as to the truthfulness of the allegations contained in ¶ 52 of Plaintiff's Complaint, and the same are therefore denied.

30. Defendants deny the allegations contained in ¶ 53 of Plaintiff's Complaint.

31. Defendants are without sufficient information and/or knowledge with which to form a belief as to the truthfulness of the allegations contained in ¶¶ 54 and 55 of Plaintiff's Complaint, and the same are therefore denied.

32. In response to the allegations contained in ¶ 56, Defendants admit that an official recommendation to expel Mr. Small from Scottsburg High School was made, but deny any and all further allegations contained in ¶ 56 of Plaintiff's Complaint.

33. Defendants deny the allegations contained in ¶ 57 of Plaintiff's Complaint.

34. Defendants admit the allegations contained in ¶ 58 of Plaintiff's Complaint.

35. Defendants deny the allegations contained in ¶ 59 of Plaintiff's Complaint.

36. Defendants admit the allegations contained in ¶ 60 of Plaintiff's Complaint.

37. Defendants deny the allegations contained in ¶ 61 of Plaintiff's Complaint.

38. Defendants are without sufficient information and/or knowledge with which to form a belief as to the truthfulness of the allegations contained in ¶¶ 62, 63 and 64 of Plaintiff's Complaint, and the same are therefore denied.

39. Defendants deny the allegations contained in ¶¶ 65 and 66 of Plaintiff's Complaint.

40. Defendants are without sufficient information and/or knowledge with which to form a belief as to the truthfulness of the allegations contained in ¶ 67 of Plaintiff's Complaint, and the same are therefore denied.

41. Defendants deny the allegations contained in ¶¶ 68, 69 and 70 of Plaintiff's Complaint.

42. In response to the allegations contained in ¶ 71 of Plaintiff's Complaint, Defendants admit that the actions they took were fairly attributable to the State, but deny Plaintiff's recitation of those actions as set forth in this Complaint.

43. Defendants make no response to Plaintiff's request for a jury trial in response to the allegations contained in ¶ 72 of Plaintiff's Complaint.

44. Defendants deny the allegations contained in ¶¶ 73, 74 and 75 of Plaintiff's Complaint.

45. Defendant denies each and every remaining allegation of the Plaintiffs' Complaint which has not been specifically admitted herein.

## SECOND DEFENSE

46. Plaintiffs have failed to state causes of action upon which relief can be granted against these Defendants.

## THIRD DEFENSE

47. Defendants are immune from liability in state law, pursuant to any and all applicable provisions of I.C. 34-13-3-3.

## FOURTH DEFENSE

48. Defendants were acting at all times pursuant to the authority of I.C. 20-33-8 et al.

## FIFTH DEFENSE

49. Defendants acted at all times in good faith and in accordance with, and reliance upon, the standard of reasonable conduct under all the circumstances, and as defined by affirmative legal duties of the Defendants under Indiana and Federal Law, in view of such circumstances.

## SIXTH DEFENSE

50. The individual Defendants are entitled to qualified immunity as to the claims against them under 42 U.S.C. §1983 as they did not violate Plaintiff's constitutional rights and their conduct was reasonable.

## SEVENTH DEFENSE

51. Defendants are entitled to qualified immunity under I.C. 20-33-8-8.

## EIGHTH DEFENSE

52. Any recovery by Plaintiff is barred or to be reduced in accordance with the Indiana Collateral Source statute, and the legal and equitable principles of payment, satisfaction, accord and satisfaction, set-off and rules barring windfalls and double recovery.

## NINTH DEFENSE

53. Plaintiff's claim is barred by his own contributory negligence.

## TENTH DEFENSE

54. The Plaintiff's claims against Defendants under state law are barred by operation of I.C. 34-13-3-5.

## ELEVENTH DEFENSE

55. In accordance with FRCP 8(c)(1), the answering Defendants plead that all or part of the Plaintiff's claims may be barred by the affirmative defenses allowed by FRCP 8(c)(1) and other Indiana Law. The answering Defendants agree to supplement this pleading in the event the pre-trial discovery establishes that the foregoing defenses are not applicable in this action. Defendants reserve the right to add any additional affirmative defenses which may become available as Plaintiff's legal theories or additional facts are revealed by discovery.

**WHEREFORE**, the Defendants Scott County School District 2, Ric Manns, and Jeff Cox, by counsel, having fully responded to the Complaint of the Plaintiff, respectfully request the following relief:

1. Plaintiff's Complaint be dismissed with prejudice;
2. Trial by jury;

3. Their costs herein expended, including a reasonable fee for their attorneys; and

4. For any and all other relief to which they may appear appropriately entitled.

Respectfully submitted,

*/s/ Benjamin L. Riddle*
BENJAMIN L. RIDDLE
STEPTOE & JOHNSON PLLC
700 N. Hurstbourne Parkway, Suite 115
Louisville, Kentucky 40222
O: (502) 423-2000
F: (502) 423-2001
benjamin.riddle@steptoe-johnson.com
*Counsel for Defendants Scott Co. School District 2, Ric Manns, and Jeff Cox*

## **CERTIFICATE OF SERVICE**

It is hereby certified that a true and correct copy of the foregoing has this 20th day of June, 2019 been served via electronic filing upon the following:

Kenneth J. Falk, No. 6777-49
Stevie J. Pactor
ACLU of Indiana
1031 E. Washington St.
Indianapolis, IN 46202
Phone: (317) 365-4059
Fax: (317) 635-4105
kfalk@aclu-in.org
***Counsel for Plaintiff***

R. Jeffrey Lowe, Attorney No. 21502-22
Corey J. Dunn, Attorney No. 34571-22
KIGHTLINGER & GRAY, LLP
Bonterra Building, Suite 200
3620 Blackiston Blvd.
New Albany, IN 47150
Phone: (812) 949-2300
Fax: (812) 949-8556
Jlowe@k-glaw.com
***Counsel for Defendants,***
***Sheriff of Scott County, in his official capacity***
***and Joe Baker, in his individual capacity***

*/s/ Benjamin L. Riddle*
***Counsel for Defendants Scott Co. School***
***District 2, Ric Manns, and Jeff Cox***